In the
United States Court of Appeals
For the Seventh Circuit

No. 99-2359

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANTHONY JONES, JR.,

Defendant-Appellant.


Appeal from the United States District Court
for the Central District of Illinois, Springfield Division.
No. 98-30027--Richard Mills, Judge.


Argued December 6, 1999--Decided March 31, 2000



Before Bauer, Diane P. Wood and Evans, Circuit
Judges.

Bauer, Circuit Judge.  Anthony Jones, Jr.
("Jones") was indicted by a federal grand jury in
the Central District of Illinois for being a
felon in possession of a firearm in violation of
18 U.S.C. sec.922(g). After the District Court
denied his request for a Franks hearing and his
motion to quash his arrest and suppress evidence,
Jones entered a conditional plea of guilty,
preserving his right to appeal the denials of
those motions. He was sentenced to a term of 60
months imprisonment, to be followed by a three
year term of supervised release, and ordered to
pay a $1,000 fine and a $100 special assessment.
Jones appeals, claiming that the search warrant
was facially invalid, not supported by probable
cause and that its execution was unreasonable
because the police did not knock and announce
their presence before bursting into his home. We
affirm the District Court rulings finding the
warrant and its execution valid.

I.  BACKGROUND

On January 25, 1998, police officers obtained
and executed a search warrant for Jones' home at
2268 South 9th Street, in Springfield, Illinois.
Based upon information from a confidential
informant, they suspected that Jones was dealing
marijuana and was illegally in possession of a
handgun. During their search they seized several

bags of what they suspected to be marijuana, along with a 9mm semi-automatic handgun, a shotgun and several thousand dollars in cash.

"Jane Doe", the confidential source, told Springfield Police Department Officer Steven Welsh and averred in an affidavit in support of the complaint for search warrant, that she had gone to Jones' house at "2269 S. 9th Street"/1 on the afternoon of January 24th, 1998 to purchase marijuana. It was not her first buy from Jones. She stated that she had purchased approximately twelve pounds of marijuana from him on at least three previous occasions. On this afternoon, she paid Jones $1,100.00 for a pound of marijuana that Jones had "fronted" her and received another pound of marijuana which she agreed to pay for in a few days. As she was leaving, Doe saw an additional pound of marijuana on the kitchen table. Doe also stated that Jones told her that he kept a pistol at the house to protect his drug supply and that he had been in jail in the past, but he did not say for what crime.

To corroborate this information, Officer Welsh, accompanied by Jane Doe, drove by the residence at 2268 S. 9th Street at 11:30 pm on January 24, 1998. Doe identified it as Jones' house, and Officer Welsh observed two vehicles parked in the driveway. Officer Welsh later confirmed that one of the vehicles was registered to Anthony Jones at 2268 S. 9th Street.

Officer Welsh also verified Doe's story by checking Jones' criminal history, which showed that Jones had been arrested 27 times, with 8 convictions. Two of the convictions were for homicides, one was for armed robbery and five were for dangerous drugs.

Officer Welsh presented these facts in an affidavit and complaint for search warrant to the judge. Jane Doe also executed an affidavit, which was attached to and incorporated into Officer Welsh's warrant affidavit. She appeared with Officer Welsh before the issuing judge and swore to the truth of the information in her affidavit. Based on all of this, the judge issued a warrant to search the property at:

2268 S. 9th St., Springfield, Sangamon County, Illinois. The residence on the property is a two story single family dwelling, that is light green in color. The residence is the second structure north of Princeton street, on the east side of 9th street. The front door faces north. The numbers 2268 are affixed to the front of the residence. There is a chainlink [sic] fence that surrounds the back yard.

The warrant was executed during the early morning hours of January 25, 1998. The marijuana, cash and weapons were seized. Jones was then charged with unlawful possession of a firearm by a felon.

After his indictment, Jones requested a Franks hearing. He initially challenged only the adequacy of the search warrant, claiming that it was fatally defective because it was based on false information provided by Jane Doe. After that motion failed, Jones filed a second motion attacking not only the adequacy of the search warrant but also the manner of its execution. His second motion asserted, among other things, that the warrant was unsupported by probable cause and that the officers executing the warrant neither knocked nor announced prior to entering and seizing the evidence. Both motions were referred to the Magistrate Judge and the Magistrate recommended that the motions be denied. The District Court undertook a de novo consideration of the motions and adopted the Magistrate Judge's recommendations.

## II.  DISCUSSION

We review the District Court's denial of Jones' request for a Franks hearing for clear error. United States v. Amerson, 185 F.3d 676, 688 (7th Cir. 1999). A clear error standard is also used to review the District Court's ruling on the motion to suppress, but we must keep in mind that "our inquiry is factually based and requires that we give particular deference to the district court that had the opportunity to hear the testimony and observe the demeanor of the witnesses." United States v. Williams, 945 F.2d 192, 195 (7th Cir. 1991), quoting United States v. Edwards, 898 F.2d 1273, 1276 (7th Cir. 1990). Any legal determinations that factor into the court's ruling, however, are subject to de novo review. United States v. Adames, 56 F.3d 737, 747 (7th Cir. 1995).

### A.  Jones' Request For A Franks Hearing

Jones contends that the District Court erred by denying his request for a Franks hearing and finding that he did not produce sufficient evidence to make the "substantial preliminary showing" required for a hearing. He asks this Court to remand the matter for an evidentiary hearing on his Franks allegations. We believe that Jones has utterly failed to establish by a "substantial preliminary showing" that the search warrant affidavit contained material misrepresentations that were necessary to the finding of probable cause. We thus affirm the

District Court's denial of the request for a Franks hearing.

In Franks v. Delaware, the Supreme Court held that the Fourth Amendment requires an evidentiary hearing into the truthfulness of an allegation contained in an affidavit supporting an application for a search warrant "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." 438 U.S. 154, 155-56, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978) (emphasis added). Franks makes it clear that affidavits supporting a search warrant are presumed valid, and that the "substantial preliminary showing" that must be made to entitle the defendant to an evidentiary hearing must focus on the state of mind of the warrant affiant, that is the police officer who sought the search warrant. 438 U.S. at 171, 98 S.Ct. at 2684. The defendant must offer evidence showing either that the warrant affiant lied or that the warrant affiant recklessly disregarded the truth because he "in fact entertained serious doubts as to the truth of his allegations" or had "obvious reasons to doubt the veracity of the allegations." United States v. Williams, 737 F.2d 594, 602 (7th Cir. 1984), quoting St. Amant v. Thompson, 390 U.S. 727, 731, 88 S.Ct. 1323, 1325, 20 L.Ed.2d 262 (1968) (internal quotation marks omitted).

Jones' request for a Franks hearing rests on his assertion that Jane Doe provided false information in her affidavit. He claims that he could not have sold marijuana to Doe in Springfield on January 24, 1998, as she alleges, because he was at his sister's apartment in Chicago with his father and his father's girlfriend at the time. He presents affidavits from his wife, sister, father and his father's girlfriend in support of his alibi and argument. His argument is, however, misdirected. "[T]he fact that a third party lied to the affiant, who in turn included the lies in a warrant affidavit, does not constitute a Franks violation. A Franks violation occurs only if the affiant knew the third party was lying, or if the affiant proceeded in reckless disregard of the truth." United States v. McAllister, 18 F.3d 1412, 1417 (7th Cir. 1994), quoting United States v. Pritchard, 745 F.2d 1112, 1119 (7th Cir. 1984). Since Jones' first motion challenged only the veracity of statements made by Doe, not statements made by warrant affiant Officer Steven Welsh, Jones' first motion for a Franks hearing was properly denied.

In his second motion, Jones questioned whether Officer Welsh was reckless in incorporating Jane Doe's allegations into his affidavit without first doing more to corroborate them. He opines, for instance, that Officer Welsh could have set up a controlled buy or conducted surveillance of his home to verify the veracity of Jane Doe's statements.

The fact that Jones can point out additional things which could have been done but were not does not in any way detract from what was done. The District Court meticulously recounted all of the actions that were taken by Officer Welsh before he sought the search warrant. These included driving Jane Doe to the area and having her identify which house was the defendant's, conducting a vehicle registration check on the cars that were parked in the driveway at 2268 S. 9th Street and finding that one of them was registered to the defendant at that address, and verifying, as Jane Doe had told him, that the defendant had served time in jail.

Based upon all of this, the District Court concluded that "Officer Welsh had neither the reason to know nor to suspect that the information provided by Jane Doe was false." Since he did not know or have reason to suspect that any information was false, he cannot be said to have recklessly disregarded the truth. We agree and thus affirm the District Court's denial of the request for a Franks hearing.

B. Jones' Motion To Quash Arrest And Suppress Evidence

Having been unsuccessful in obtaining a Franks hearing, Jones next filed a motion to quash arrest and suppress evidence. For the most part, it was merely the same arguments re-styled, with a challenge to the execution of the warrant added. Because we have already found that Jones did not make even a minimal preliminary showing under Franks that the warrant was constitutionally defective, we discuss his challenges to the adequacy of the search warrant by way of this second motion only cursorily. His objection to the manner in which the officers carried out the search will be discussed more thoroughly.

Complaining about the typographical error in Jane Doe's affidavit listing his address as "2269 S. 9th Street" instead of the correct 2268 S. 9th Street, Jones argues that this inadvertent error renders the search warrant facially defective. He augments this with a claim that the incorrect

address in Doe's affidavit could cause the officers to mistakenly search the wrong house. These arguments are specious at best.

The search warrant itself lists the correct address to be searched. Given the expediency with which officers typically serve a search warrant after it is obtained it is doubtful that they would have had the time to proof read all of the supporting documentation. Furthermore, even if they did, this warrant provided other, ample, descriptions of the location of Jones' house. It describes the location of defendant's home in relation to intersecting and adjoining streets and neighboring houses. An officer could have relied on the remaining guides, without the numeric address, and still found the correct house. "It is enough if the description is such that the officer with a search warrant can, with reasonable effort, ascertain and identify the place intended." Steel v. United States, 267 U.S. 498, 503, 45 S.Ct. 414, 416, 69 L.Ed. 757 (1925).

Jones next argues that the affidavit in support of the search warrant did not provide probable cause to support the warrant. Jones argues that Doe's statements are inadequate by themselves and that there is insufficient independent evidence to corroborate Doe's statements. He also adds that there was no evidence that Jane Doe was credible and, without this indicia of reliability, the judge did not have probable cause to issue the search warrant.

A search warrant affidavit establishes probable cause when it "sets forth facts sufficient to induce a reasonable prudent person to believe that a search thereof will uncover evidence of a crime." United States v. McNeese, 901 F.2d 585, 592 (7th Cir. 1990), citing Berger v. New York, 388 U.S. 41, 55, 87 S.Ct. 1873, 1881, 18 L.Ed.2d 1040 (1967). See also Ornelas v. United States, 517 U.S. 690, 696, 116 S.Ct. 1657, 1661, 134 L.Ed.2d 911 (1996). The Supreme Court has refused to define probable cause, saying that whether it has been established varies with the facts of each case. Ornelas, 517 U.S. at 696. The Court has, instead, adopted a "totality of the circumstances" standard, Illinois v. Gates, 462 U.S. 213, 230-39, 103 S.Ct. 2317, 2328-33, 76 L.Ed.2d 527 (1983), which includes a consideration of the "veracity" of the informant. Id.

Citing case law from other circuits, Jones postulates that Officer Welsh could have, and should have, recited Jane Doe's past experiences as an informant and given instances of previous reliability in his affidavit. He derides the failure to do so and claims that its absence

deprives the warrant of its "indicia of reliability."

Where the credibility of an informant is at issue, we consider (1) the personal observations by the informant, (2) the degree of detail given, (3) independent police corroboration of the informant's information, and (4) the informant testifying at the probable cause hearing. United States v. Singleton, 125 F.3d 1097, 1103-04 (7th Cir. 1997) (citation omitted). Here, the District Court weighed these factors and found the information sufficiently reliable to support probable cause. The court noted that Jane Doe's information came from her personal observations and was "specific and detailed." Furthermore, as we have already discussed, Officer Welsh corroborated as much of Jane Doe's information as he could before seeking the search warrant. And perhaps most importantly in this case, Jane Doe appeared at the probable cause hearing and was subject to questioning by the issuing judge. "[W]hen a CI accompanies the officer and is available to give testimony before the judge issuing the warrant, his presence adds to the reliability of the information used to obtain the warrant, because it provides the judge with an opportunity to 'assess the informant's credibility and allay any concerns he might have had about the veracity of the informant's statements.'" United States v. Lloyd, 71 F.3d 1256, 1263 (7th Cir. 1995), citing United States v. Causey, 9 F.3d 1341, 1343 (7th Cir. 1993), cert. denied, 511 U.S. 1024, 114 S.Ct. 1412, 128 L.Ed.2d 83 (1994).

The District Court noted the fact that Jane Doe made statements against her penal interest was an additional factor pointing toward reliability and credibility of her assertions. We agree that all of this, taken together, establishes the requisite indicia of reliability. We are satisfied that the search warrant was valid and supported by probable cause. The order of the District Court denying Jones' motion to quash and suppress based upon claimed inadequacies in the warrant is affirmed.

The only issue left for us to consider is whether the execution of the search warrant was unreasonable because the officers did not knock and announce their presence and purpose and did not wait a reasonable time before forcibly entering Jones' home. The Magistrate Judge held a hearing on this issue and heard testimony from the defendant's wife and the four officers who conducted the search before concluding that the officers did knock and announce and did wait a reasonable time before forcibly entering the home.

The defendant's wife, Maria D. Jones, testified that during the early morning of January 25, 1998, she was asleep with her husband in their bedroom. She claims that she did not hear any type of knock or announce even though their bedroom is near the front door, but, rather, it was a loud explosion that awoke her./2 The four officers testified that Officer Edwards loudly and repeatedly knocked and declared "Springfield Police. Search Warrant." Officer Edwards even demonstrated how he knocked and the tone he used. As to the amount of time the officers waited after knocking and before entering the home, the cumulative testimony showed that it was between 5 and 13 seconds.

Generally, police officers are required to knock and announce their presence unless there are exigent circumstances. See 18 U.S.C. sec.3109; United States v. Soria, 965 F.2d 436, 439 (7th Cir. 1994). If no exigent circumstances exist and the officers are "refused admittance," they may forcefully enter. The phrase "refused admittance" is not restricted to an affirmative refusal. It includes circumstances that infer a refusal. United States v. Bonner, 874 F.2d 822, 824 (D.C. Cir. 1989). In this case, the officers could reasonably infer that Jones' failure to acknowledge their presence or open the door was a refusal and we find that they were thus justified in using force to enter.

The District Court found that 5 to 13 seconds was a reasonable time to wait after knocking and announcing. Jones urges us to reject that finding. Each side cites to us cases from our circuit and others wherein waits of minutes and seconds are found to be reasonable and unreasonable. We decline to adopt any bright line test and state our belief that the period of time that officers must wait before forcible entry is determined by what is reasonable under the circumstances of the particular case. Here, the District Court was persuaded that 5 to 13 seconds was reasonable because the officers had information that the defendant was a dangerous felon in possession of a gun. Additionally, it noted that to wait a lengthy period of time would give the defendant an opportunity to destroy the drug evidence.

Reviewing the facts in the record before us we cannot say that the court erred in its conclusions. The District Court's denial of the motion to quash arrest and suppress evidence is thus affirmed.

III. CONCLUSION

For the foregoing reasons, the thoughtful judgment of the District Court is affirmed in all regards.

AFFIRMED.

/1 In an affidavit submitted in response to defendant's Motion to Quash Arrest and Suppress Evidence, Officer Welsh stated that he incorrectly typed the address as 2269 S. 9th Street when typing Jane Doe's affidavit and that the error was merely typographical. Jones' correct address is 2268 S. 9th Street.

/2 The Magistrate Judge did not find the testimony of Mrs. Jones to be credible.