**UNITED STATES, Plaintiff,**

v.

**Jesse JOHNSON, Defendant.**

**No. 00 CR 142.**

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 7, 2000.

**310**

Michael T. Mason, Federal Defender Program, Chicago, IL, Gerald G. Kielian, Attorney at Law, Joliet, IL, Michael B Cohen, Chicago, IL, for Jesse J Johnson, defendant.

David Henry Hoffman, United States Attorney's Office, Chicago, IL, for plaintiff.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Defendant Jesse Johnson was arrested and indicted on federal drug and weapon charges after a search executed pursuant to a warrant turned up cocaine, guns, and drug paraphernalia. He moves for a "*Franks*-type" hearing on the issue of whether Officer Jackson lied in his warrant affidavit. He also moves for an order to quash the search warrant and to suppress evidence attained from the resultant search. I deny both motions.

### I.

After a suppression hearing before Magistrate Judge Bobrick on a separate motion to suppress Mr. Johnson's confession, the government decided not to use the confession. Mr. Johnson argues that this decision, together with certain phone records in his possession, shows that Officer Jackson lied at the suppression hearing. Mr. Johnson he believes that Officer Jackson is a liar, and he requests a "*Franks*-type" hearing on the separate question of the validity of the search warrant because Officer Jackson's "credibility has been so shaken by the developments in the proceedings before the Magistrate."

A *Franks* hearing allows a defendant to challenge the validity of a warrant by showing, by a preponderance of the evidence, that the warrant affidavit contained perjury or a reckless disregard for the truth. *Franks v. Delaware,* 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). To qualify for a *Franks* hearing the defendant must make an offer of proof demonstrating that: (1) the affidavit for the search warrant contained a false statement; (2) the affiant's state of mind in making the false statement was reckless; and (3) "the false statement was material to the finding of probable cause (i.e., that probable cause cannot be established without the false statement)." *United States v. McClellan,* 165 F.3d 535, 545 (7th Cir. 1999). The defendant must make an offer of all three elements to qualify for a hearing. *See id.*

Mr. Johnson falls short on the offer of proof. He does not specifically allege any falsity with regard to the search warrant, he only says that he believes that Officer Jackson is a liar in general. Be that as it may, and although he argues that there were false statements during the suppression hearing on the confession, Mr. Johnson can point to no *specific* statement in the warrant affidavit that is false. The Supreme Court clearly held that "the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine." *Franks,* 438 U.S. at 171, 98 S.Ct. 2674. Mr. Johnson does not even offer a conclusory attack on the warrant affidavit; at best he offers only a hunch that the warrant affidavit must be false because he believes that Officer Jackson testified falsely in an unrelated hearing in the same case, and therefore is a liar. This is insufficient.

More importantly, even if there were false statements, Mr. Johnson has made no showing that they were material to the finding of probable cause. Specifically, he has not shown that Judge Rozak could not

have found probable cause on the basis of the confidential informant's affidavit alone. The search warrant was supported by the affidavits of Joliet Police Officer Dave Jackson and his confidential informant ("CI"), Pat Doe. In Pat Doe's affidavit, sworn under oath and penalty of perjury, he[1] testifies that he (1) knows Jesse Johnson, (2) has been inside the residence that was searched, (3) observed Mr. Johnson to have a quantity of cocaine inside this residence within fourteen days of swearing the affidavit, (4) knows Mr. Johnson intended to sell this cocaine, (5) is familiar with cocaine from his past experience, and (6) has read Officer Jackson's complaint for a search warrant and all representations indicated therein as having been made by him are true and correct.

■ The determination of probable cause varies with the facts of each case. *United States v. Jones,* 208 F.3d, 603, 608 (7th Cir.2000). Where the credibility of an informant is at issue, the relevant considerations are: (1) the informant's personal observations, (2) the degree of detail given, (3) independent police corroboration of the informant's information, and (4) whether the informant testified at the probable cause hearing. *Jones,* 208 F.3d at 608 (*citing United States v. Singleton,* 125 F.3d 1097, 1103–04 (7th Cir.1997)). "[A] deficiency in one factor may be compensated for by a strong showing in another or by some other indication of reliability." *United States v. Brack,* 188 F.3d 748, 756 (7th Cir.1999). "First-hand observations [by a confidential informant] support a finding of reliability." *United States v. Buckley,* 4 F.3d 552, 555–56 (7th Cir.1993). Although corroboration by an officer's independent investigation bolsters a finding of reliability, first hand observations of a CI alone are enough. *United States v. Lloyd,* 71 F.3d 1256, 1263 (7th Cir.1995). Pat Doe's affidavit contained first hand observation about what he had seen in Johnson's home. This is sufficient.

■ Even more importantly, however, Pat Doe appeared in court with Officer Jackson and was subject to questioning by the issuing judge. "[W]hen a CI accompanies the officer and is available to give testimony before the judge issuing the warrant, his presence adds to the reliability of the information used to obtain the warrant, because it provides the judge with an opportunity to 'assess the informant's credibility and allay any concerns he might have had about the veracity of the informant's statements.' " *Lloyd,* 71 F.3d at 1263, *citing United States v. Causey,* 9 F.3d 1341, 1343 (7th Cir.1993). In *Lloyd,* the CI was present before the judge, but there is no record that he actually testified. Therefore, it is apparent that presence and mere opportunity to testify are sufficient indicia of reliability. Here, Pat Doe appeared and swore to an affidavit before Judge Rozak, "under oath and under penalty of perjury." This was sufficient for Judge Rozak to assess Pat Doe's credibility and reliability. *See United States v. Wilson,* 169 F.3d 418, 424 (7th Cir.1999). Reliable information from Pat Doe's affidavit was sufficient evidence to support a finding of probable cause. Therefore, regardless of whether Officer Jackson lied, any false statements that he might have made were not material. Mr. Johnson has not made a sufficient showing to qualify for a *Franks* hearing.

## II.

■ Mr. Johnson also claims that the search warrant is facially invalid because the two supporting affidavits do not establish probable cause. I do not disturb a judge's probable cause determination and issuance of a warrant if there is a substantial basis for concluding that a search would uncover evidence of wrongdoing. *Illinois v. Gates,* 462 U.S. 213, 236,

---

1. It is not known whether Pat Doe is male or female, but I refer to him as male for the sake of convenience.

103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *United States v. Markling,* 7 F.3d 1309, 1317 (7th Cir.1993). An affidavit provides a "substantial basis" for that conclusion if it "sets forth facts sufficient to induce a reasonably prudent person to believe that a search ... will uncover evidence of a crime." *United States v. McNeese,* 901 F.2d 585, 592 (7th Cir.1990) (citations omitted). When reviewing an affidavit attached to a search warrant and a judge's issuance of the warrant, "the task of a reviewing court is not to conduct a *de novo* determination of probable cause, but only to determine whether there is substantial evidence in the record supporting the [judge's] decision to issue the warrant." *Massachusetts v. Upton,* 466 U.S. 727, 728, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984). Moreover, I interpret affidavits in a common-sense, rather than a hypertechnical, manner. *Illinois v. Gates,* 462 U.S. 213, 236, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

Mr. Johnson claims that there was insufficient information to justify relying on the credibility of Pat Doe. He maintains that the affidavit Officer Jackson used to obtain the warrant failed to set forth facts sufficient to establish Pat Doe's reliability or veracity, and that the information contained therein was insufficient to corroborate Pat Doe testimony and support a finding of probable cause. However, as I have already recognized, Pat Doe's affidavit contained first-hand observations, and Pat Doe appeared before the issuing judge. This was sufficient evidence for Judge Rozak to conclude that probable cause existed. The warrant is valid. The motions to quash the warrant and for a hearing and production of prior affidavits are therefore DENIED.