**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued June 15, 2005
Decided July 14, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 04-3925

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois |
| *v.* | No. 03-CR-40074 |
| DUSTIN M. BROKAW, *Defendant-Appellant.* | J. Phil Gilbert, *Judge.* |

**O R D E R**

Dustin Brokaw was sentenced to a total of 42 months' imprisonment after pleading guilty to manufacturing marijuana, 21 U.S.C. § 841(a)(1), possessing a firearm as an unlawful drug user, 18 U.S.C. § 922(g)(3), and possessing destructive devices, 26 U.S.C. § 5861(d).  Brokaw reserved the right to appeal the denial of a motion to suppress and now argues that the search warrant used to search his home was not supported by probable cause.

Scott Meserole, the Sheriff of Edwards County, Illinois, received information from a confidential informant that marijuana plants were drying in a shed where Brokaw was living.  On October 21, 2003, Meserole obtained a state warrant authorizing a search of the shed for marijuana.  When Meserole and a deputy executed the warrant later that day, they discovered packaged marijuana as well as methamphetamine, guns, ammunition, and what appeared to be two small bombs.  Since only the marijuana was anticipated, Meserole's deputy obtained and executed a second search warrant naming the additional items.

Brokaw moved to suppress, arguing that the affidavit for the first search warrant failed to establish probable cause to believe that marijuana was in the shed at the time the warrant issued. Meserole's affidavit stated: "The applicant has spoken with Edwards County Sheriff's Department C/S #2003-1 on numerous occasions over the few [sic] days." The affidavit continued: "C/S #2003-1 told the applicant that there was cannabis being dried in a shed on the . . . property." Brokaw argued that the phrase "the few days" failed to show that Sheriff Meserole had spoken with his source recently, and that the affidavit also failed to specify when the confidential source observed the marijuana. He argued that anything seized during the first search should be suppressed because of these defects and that everything seized pursuant to the second warrant was thus fruit of a poisonous tree. The district court denied the motion.

Brokaw renews his argument on appeal. An affidavit for a search warrant must show "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1982). A reviewing court should uphold a search warrant as long as the affidavit provided the issuing judge with a substantial basis for finding probable cause. *United States v. Newsom*, 402 F.3d 780, 782 (7th Cir. 2005); *United States v. Walker*, 237 F.3d 845, 850 (7th Cir. 2001). We review de novo a district court's determination that a warrant was supported by probable cause. *Newsom*, 402 F.3d at 782.

Here the district court properly upheld the warrant. Brokaw contends only that the affidavit failed to establish that the information the judge was relying upon was recent enough to establish probable cause. When the affidavit is based on information received from an informant, the interval of time between when the affiant received the information and when his warrant was obtained is one factor the issuing judge should consider in determining whether probable cause exists. *United States v. Mykytiuk*, 402 F.3d 773, 776 (7th Cir. 2005). Nonetheless, the affidavit supporting a warrant must be read in "a common-sense manner." *Gates*, 462 U.S. at 238. The phrase "the few days" is obviously an error, but a typographical error in the affidavit does not ordinarily render a search warrant invalid. *See United States v. Jones*, 208 F.3d 603, 608 (7th Cir. 2000). The district court found that Sheriff Meserole meant to say that he had spoken with the informant within "the *last* few days" or "the *past* few days," and these indeed seem the most sensible interpretations of the language. Brokaw argues that the phrase could also be interpreted to mean that Sheriff Meserole had spoken with the informant over "*a* few days" at some unspecified point in the past and that the affidavit thus fails to show that the information was current. But Brokaw's interpretation ignores the presence of the word "the" in the affidavit. It would make little sense for Meserole to have said that he spoke with the informant "on numerous occasions over a few days" if what he really meant was that the two conversed at some unspecified time in the past. Moreover, a reasonable reading of the affidavit suggests that the informant observed the marijuana within the same

last or past few days.  Brokaw's suggestion that the informant could have seen the marijuana weeks or months before reporting his observations to Sheriff Meserole is a far more strained reading of the affidavit.

We agree with the district court that the common-sense interpretation of the affidavit is that Sheriff Meserole spoke with the informant within a few days of applying for the search warrant, and that the informant told him that marijuana plants were presently "being dried" in the shed.  Finally, we add that Sheriff Meserole and his deputy while acting in good faith tried to comply with the warrant requirement, even going so far as to apply for a second search warrant when much of the additional evidence they discovered during the execution of the first warrant was contraband and could have been seized without an additional warrant.  *See United States v. Leon*, 468 U.S. 897, 923 (1984).

AFFIRMED.