# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 05-2189

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

GERALD L. SIDWELL,

*Defendant-Appellant*.

———————

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 04 CR 169—**John C. Shabaz**, *Judge.*

———————

ARGUED DECEMBER 14, 2005—DECIDED MARCH 10, 2006

———————

Before RIPPLE, EVANS and WILLIAMS, *Circuit Judges*.

RIPPLE, *Circuit Judge*. On February 10, 2005, Gerald L. Sidwell pleaded guilty to possession of a firearm by a felon and was sentenced to 37 months' imprisonment. *See* 18 U.S.C. § 922(g)(1). Prior to entering his plea, Mr. Sidwell filed a motion to suppress evidence, specifically drugs and weapons, found during the execution of a warrant to search his apartment. He also moved to dismiss the indictment, alleging that 18 U.S.C. § 922(g) was unconstitutional because Congress, in enacting the statute, exceeded its power to regulate interstate commerce. The district court denied both motions.

On appeal, he challenges the district court's judgment, contending that there was insufficient evidence to establish probable cause for the search warrant that led to discovery of the contraband; he further contends that the district court erred in finding that the search could be upheld on the basis of good-faith reliance by the officer who executed the warrant. Mr. Sidwell also renews his challenge of the constitutionality of § 922(g). Because the warrant was supported by probable cause and because we have repeatedly rejected challenges to the constitutionality of § 922(g), we now affirm the judgment of the district court.

# I

## BACKGROUND

### A. Facts

In July 2004, Officer Bryan Hasse of the Beloit Police Department executed an affidavit in support of a search warrant for Mr. Sidwell's apartment unit. The affidavit contained the following information: 1) The Beloit Police Department had received two tips that cocaine was being sold and used in Mr. Sidwell's apartment unit, 2) Mr. Sidwell had twice refused consent to search his apartment, 3) drug paraphernalia, such as baggie corners and knots, had been found near the entrance to Mr. Sidwell's apartment, and 4) within 72 hours of when the affidavit was prepared, a confidential informant had made a "controlled buy" of crack cocaine from Mr. Sidwell's apartment. Information previously provided by this confidential informant had proven accurate and, thus, the police believed his services to be reliable in this case as well.

The informant's "controlled buy" occurred as follows: Before the informant entered Mr. Sidwell's apartment

building, he was searched by Officer Hasse for contraband. He was then observed entering the building and exiting a few minutes later. At this time, the informant turned over to the police a substance which tested positive for the presence of cocaine. The informant's description of Mr. Sidwell's apartment unit matched Officer Hasse's information about the apartment.

On the basis of this information, a Circuit Court Commissioner for Rock County, Wisconsin, issued a search warrant. Officer Hasse executed this warrant at Mr. Sidwell's apartment and recovered 0.1 grams of marijuana, two finger scales, rolling papers, 17 morphine pills, three 20-gauge shotgun shells, two .357 magnum rounds of ammunition and a 20-gauge Mossberg shotgun.

## B. District Court Proceedings

In October 2004, Mr. Sidwell was indicted by a grand jury sitting in the Western District of Wisconsin of one count of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g). Mr. Sidwell filed a motion to dismiss this indictment; he contended that § 922(g) was unconstitutional under the Commerce Clause. He next filed a motion to suppress the evidence obtained from the search of his apartment, asserting that the search warrant was not supported by probable cause.

On February 4, 2005, a magistrate judge issued a report, recommending that both motions be denied. The magistrate judge reasoned that the controlled purchase of drugs from Mr. Sidwell's apartment established probable cause for the issuance of the search warrant. Further, the judge reasoned that, even if the warrant was not supported by probable cause, the doctrine of good faith would justify the search.

The magistrate judge also recommended rejecting the constitutional challenge to 18 U.S.C. § 922(g), noting that this court repeatedly has upheld the statute's constitutionality.

Mr. Sidwell pleaded guilty on February 10, 2004, preserving his right to appeal an adverse determination of the motions to dismiss and suppress and filing objections to the magistrate judge's report and recommendation. The district court adopted the report and recommendation and denied both motions. Mr. Sidwell was sentenced to 37 months' imprisonment and three years' supervised release.

## II

## DISCUSSION

### A. Search Warrant

#### 1. Probable Cause

Mr. Sidwell first contends that the affidavit submitted in support of the application for a search warrant failed to establish probable cause that contraband would be found in his apartment. We review the district court's determination of probable cause de novo. *United States v. Brack*, 188 F.3d 748, 755 (7th Cir. 1999).

Probable cause exists when, considering all the circumstances, the affidavit sets forth sufficient facts to induce a reasonably prudent person to believe that a search will uncover contraband or evidence of a crime. *United States v. Olson*, 408 F.3d 366, 370 (7th Cir. 2005); *United States v. Peck*, 317 F.3d 754, 756 (7th Cir. 2003). The affidavit is to be interpreted in a practical, "common-sense manner." *United States v. Walker*, 237 F.3d 845, 850 (7th Cir. 2001) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

We believe, as did the magistrate judge and the district court, that the existence of probable cause in this case turns primarily on the "controlled buy" of cocaine that the confidential informant made from Mr. Sidwell's apartment. Generally, a controlled buy, when executed properly, is a reliable indicator as to the presence of illegal drug activity.[1] The district court correctly determined that the controlled buy was adequate to support such a conclusion in this case: the confidential informant entered the building without contraband; exiting moments later, he produced cocaine, indicating the probable—if not likely—presence of illegal drug activity in the apartment.

Mr. Sidwell, however, submits that the buy was not actually "controlled" because the police were unable to see the confidential informant after he entered the apartment building. Therefore, he submits, the informant could have purchased the cocaine from any person in any unit in that building. This scenario is theoretically possible. Nevertheless, it does not negate the existence of probable cause. *Cf. United States v. Garcia*, 983 F.2d 1160, 1167 (1st Cir. 1993) (rejecting the defendant's contention that "the informant [who made the controlled buy] might have stashed cocaine elsewhere in the building out of the sight of the detective" as "strain[ing] credulity on a common-sense reading"). Probable cause requires only a probability or

---

[1] For courts recognizing this proposition, see *United States v. Pennington*, 287 F.3d 739, 742-43 (8th Cir. 2002); *United States v. McKinney*, 143 F.3d 325, 329 (7th Cir. 1998); *United States v. Reddrick*, 90 F.3d 1276, 1281 (7th Cir. 1996); *United States v. Smith*, 63 F.3d 956, 961 (10th Cir. 1995), *vacated on other grounds*, 516 U.S. 1105 (1995); *United States v. Garcia*, 983 F.2d 1160, 1167 (1st Cir. 1993).

substantial chance that evidence may be found; it does not, by contrast, require absolute certainty. *Brack*, 188 F.3d at 755 (citing *Gates*, 462 U.S. at 243 n.13). Although we recognize that Officer Hasse's monitoring of the informant during the controlled buy may have been imperfect, we ultimately find persuasive the fact that the informant had completed numerous other controlled buys in the past and provided, on those occasions, accurate and reliable information. Furthermore, the informant provided a description of the interior of Mr. Sidwell's apartment that matched Officer Hasse's understanding of the apartment, thereby indicating that the informant did enter the unit. The controls in place at the buy in this case therefore were sufficient to establish probable cause that contraband would be found in Mr. Sidwell's apartment.

### 2. Doctrine of Good Faith

Even if we were to conclude that the information in the affidavit does not demonstrate probable cause that contraband would be found in Mr. Sidwell's apartment, suppression would be appropriate only if the officer lacked good faith in relying on an invalidated search warrant. *See United States v. Leon*, 468 U.S. 897, 920-22 (1984). We review de novo the district court's legal conclusion that the officer in this case reasonably, and therefore in good faith, relied upon the search warrant. *Peck*, 317 F.3d at 757.

Officer Hasse's decision to seek a warrant is prima facie evidence that he was acting in good faith. *Id.* A defendant may rebut this prima facie evidence only by establishing that the warrant issuer "wholly abandoned his judicial role" or that the affidavit was "so lacking in indicia of probable cause as to render official belief in its

existence entirely unreasonable." *Olson*, 408 F.3d at 372 (quotation marks omitted).

Mr. Sidwell does not allege that the Rock County Commissioner who issued the warrant abandoned his judicial role. Instead, he submits that the affidavit was patently lacking in indicia of probable cause and, because Officer Hasse swore out the affidavit, he should have known that he could not rely on the warrant. We cannot accept this submission. As explained above, the controlled buy, the informant's description of Mr. Sidwell's apartment unit and the drug paraphernalia in the hallway outside of Mr. Sidwell's apartment provided Officer Hasse with, at a minimum, indicia of illegal drug dealing in that apartment. The officers' reliance on the warrant was therefore in good faith.

## B. 18 U.S.C. § 922(g)

Lastly, Mr. Sidwell submits that 18 U.S.C. § 922(g) is unconstitutional because, in enacting this statute, Congress exceeded its power under the Commerce Clause. We review rulings regarding the constitutionality of a federal statute de novo. *United States v. Schaffner*, 258 F.3d 675, 678 (7th Cir. 2001).

We have rejected, on numerous occasions, Commerce Clause challenges to § 922(g), noting that the "jurisdictional element of § 922(g) provides the required nexus with interstate commerce."[2] *United States v. Hemmings*, 258 F.3d

---

[2] *See, e.g., United States v. Olson,* 408 F.3d 366, 372-73 (7th Cir. 2005); *United States v. Thompson*, 359 F.3d 470, 480 (7th Cir. 2004);

(continued...)

587, 594 (7th Cir. 2001). Mr. Sidwell nevertheless asks us to re-examine our decisions upholding the constitution-ality of 18 U.S.C. § 922(g), contending that they are inconsis-tent with the Supreme Court's decision in *United States v. Morrison*, 529 U.S. 598 (2000). This argument also has been previously rejected, and we do not find a compelling reason to reconsider these rulings in this case. *See United States v. Mitchell*, 299 F.3d 632, 635 (7th Cir. 2002) (holding that *Morrison* does not implicate the constitutionality of § 922(g)); *United States v. Wesela*, 223 F.3d 656, 660 (7th Cir. 2000).

## Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED

---

(...continued)
*United States v. Lemons*, 302 F.3d 769, 772 (7th Cir. 2002); *United States v. Wesela*, 223 F.3d 656, 659-60 (7th Cir. 2000).

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*