NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 14, 2007
Decided August 6, 2007

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

| | |
|---|---|
| No. 06-2552 | Appeal from the United States District Court for the Western District of Wisconsin |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| | No. 05 CR 179 |
| *v.* | |
| | **John C. Shabaz**, *Judge*. |
| DUANE DOAN, *Defendant-Appellant*. | |

**O R D E R**

Duane Doan was charged in a one-count information with knowingly possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Doan filed a motion to suppress evidence asserting that the affidavit in support of the search warrant lacked probable cause AND that the good faith exception did not apply. After the district court denied Doan's motion, Doan conditionally pleaded guilty and now appeals the denial of his motion to suppress. We affirm.

I.

The investigation that led to Doan's arrest commenced in New Jersey, where the United States Attorney's Office and various law enforcement agencies conducted a joint investigation of Regpay, a third-party billing and credit card aggregating company. In particular, Regpay provided billing services to various websites including two child pornography websites, www.lust-gallery.com and www.veiled.pages.com. Regpay records contained customer information data, including a subscriber's first and last names, street address, telephone number, credit card information, and e-mail address. These records revealed that on April 7, 2003, and April 12, 2003, Duane Doan subscribed to the aforementioned websites for the cost of $49.95 and $57.90, respectively. In the course of subscribing to these sites, Doan provided his name, street address, credit card number, and e-mail address.

On September 20, 2004, Special Agent Steve Sutherland of the United States Immigration and Customs Enforcement submitted an affidavit before a magistrate judge in support of a search warrant for Doan's home to search for materials related to the sexual exploitation of children. In his affidavit, Sutherland asserted that Regpay records revealed Doan's subscriptions to www.lust-gallery.com and www.veiled.pages.com, that Doan's e-mail address had been used as recently as one week before the submission of the affidavit, that Doan's subscription address for both sites was identical and matched his address in the white pages and on file with the Wisconsin driver's license bureau and the United States Postal Service, and that a pickup truck registered to Doan was seen recently at that address. As to www.veiled.pages.com, Sutherland stated that only child pornography was on this site. In addition, Sutherland stated that based on his experience, sexually explicit depictions of minors are produced almost exclusively for pedophiles, and that individuals who collect sexually explicit depictions of minors "almost always maintain and possess their materials in a place they consider secure and where the materials are readily accessible. This is most frequently within the privacy and security of their homes." Also, in the margin of the affidavit, upon the inquiry of the magistrate judge about whether Sutherland could quantify his written assertions, Sutherland hand-wrote, "In my professional career I have discovered sexually explicit child pornography that has been aged more than eighteen months." Based on the information presented in Sutherland's affidavit, the magistrate judge issued a warrant to search Doan's home for computers and other materials.

In searching Doan's residence, law enforcement discovered and seized two computers, a laptop computer, and a CD-R, among other evidence. A forensic examination of the computers and the CD-R revealed thousands of images of

children engaged in sexually explicit conduct and 2,200 of those images were of children identified in the files of the National Center for Missing and Exploited Children.

On December 6, 2005, the government filed a one-count information charging Doan with possessing a computer hard drive containing multiple depictions of children engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B). Doan filed a motion to suppress asserting that the information leading to the search was stale, did not mention that he had actually downloaded any child pornography, and did not mention whether the subscription activity or any downloading took place at his home. Doan attached to his motion an affidavit from a computer forensic expert, who concluded that Sutherland's affidavit was deficient because it failed to allege whether Doan had a computer at home, whether Doan had logged on to a child porn website after April 12, 2003, and whether the subscriptions had been renewed. The expert further opined that given web accessibility available now it is unlikely that material would be saved for seventeen months.

The magistrate judge concluded that the sites to which Doan subscribed were not forums for discussions regarding sex and child pornography protected by the First Amendment, but rather were forums where users subscribed to purchase child pornography. The magistrate judge further concluded that there is a reasonable inference that "a subscriber who pays to join the inner sanctum of a site geared explicitly and exclusively to child pornography would attempt to get his money's worth by downloading some images." In the alternative, the magistrate judge determined that the good faith doctrine for deficient warrants applied. Therefore, the magistrate judge recommended denying Doan's motion to suppress. The district court adopted the magistrate judge's report and recommendation. Doan waived his right to an indictment and entered a conditional guilty plea, preserving his right to appeal the denial of his motion to suppress. Doan now appeals.

II.

On appeal, Doan argues that there was no probable cause for the issuance of a warrant because the information in the affidavit was stale. Doan further asserts that the good faith exception to the exclusionary rule is inapplicable because no reasonable officer could believe that seventeen-month-old information established probable cause. The government responds that the affidavit established probable cause to search Doan's residence and that the information was not stale because individuals who access child pornography websites typically keep downloaded images in their homes and rarely dispose of images. Regarding the good faith

exception, the government argues that it was reasonable for a well-trained officer such as Sutherland to believe probable cause existed, thereby making the good faith exception applicable. In reviewing Doan's challenge to the denial of his motion to suppress, "we review legal questions de novo and factual findings for clear error." *United States v. DiModica*, 468 F.3d 495, 498 (7th Cir. 2006) (citation omitted).

"The Fourth Amendment permits the search of a person's home only if there is probable cause to believe that the authorities will recover the items subject to seizure at the time they execute the warrant." *United States v. Newsom*, 402 F.3d 780, 782 (7th Cir. 2005) (citation omitted). While there is no set definition for probable cause, it exists for purposes of a search "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas v. United States*, 517 U.S. 690, 696 (1996). Probable cause does not require an actual showing of criminal activity, but a probability or substantial chance that evidence of criminal activity will be found. *United States v. Sidwell*, 440 F.3d 865, 869 (7th Cir. 2006) (citations omitted).

"A magistrate's determination of probable cause 'is to be given considerable weight and should be overruled only when the supporting affidavit, read as a whole in a realistic and common sense manner, does not allege specific facts and circumstances from which the magistrate could reasonably conclude that the items sought to be seized are associated with the crime and located in the place indicated.'" *Newsom*, 402 F.3d at 782 (citations omitted). "The age of information contained in an affidavit is only one factor a judge considers, and it is less important when the criminal activity in question is apparently continuous." *United States v. Watzman,* 486 F.3d 1004, 1008 (7th Cir. 2007). "Credibility of informants, nexus to the searched premises and to illegal activity, and the age of the information are all relevant considerations in this inquiry, but no single piece of information need satisfy every relevant consideration before we may consider it." *United States v. Wiley*, 475 F.3d 908, 915 (7th Cir. 2007) (citation omitted).

Looking at the totality of the information presented in the affidavit, we conclude that probable cause did not exist. While Doan's e-mail address was still active and the physical address used in the website registration was his address at time the warrant was sought, the information connecting Doan to child pornography, Doan's paid website subscriptions, was seventeen months old. Though Sutherland amended his affidavit to include his experience of finding eighteen-month-old images, the circumstances surrounding that experience is unknown: the form of the images (on a computer, in print, on video, etc.) or the manner in which they were obtained (via e-mail, downloaded from a website,

scanned, etc.).  Thus, Sutherland's handwritten addition to his affidavit was insufficient to cure any staleness concerns.  We recognize that the age of the information is only one factor to consider, *Watzman*, 486 F.3d at 1008, and that collectors of child pornography tend not to dispose of images, but rather to keep them, *see Newsom*, 402 F.3d at 783 (citations omitted).  However, the age of the information is not the only problematic aspect of the affidavit.  The only information contained in the affidavit connecting Doan to child pornography is two subscriptions to child pornography websites.  The affidavit does not set forth the duration of the website subscriptions, the download capability accompanying those subscriptions, the last date Doan accessed the websites, whether Doan downloaded images from these sites, whether Doan owned a computer, or whether Doan had internet access at his home.  Because, in the absence of downloading, with the passage of time the probability that child pornography will be found diminishes, a mere subscription that is seventeen months old without additional facts or circumstances related either to the individual subject of the warrant or to the agent's experience of discovering eighteen-month-old child pornography is insufficient to establish probable cause.  In other words, when aged information is minimal and when there is no additional information about the individual beyond the seventeen-month-old information, even taking the affidavit as a whole, there is no probable cause.

We are not holding that a warrant with seventeen-month-old information would per se lack probable cause.  *See United States v. Koelling*, 992 F.2d 817, 822 (8th Cir. 1993) ("There is no bright-line test for determining when information is stale . . . .  Time factors must be examined in the context of a specific case and the nature of the crime under investigation.").  "Probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully reduced to a neat set of legal rules," *Illinois v. Gates*, 462 U.S. 213, 232 (1983). Therefore, the older the information is regarding child pornography, the more necessary it is to include more detail concerning that information and concerning the person who is the subject of the investigation.  Further, this is particularly important in the age where technology is advancing at an ever-increasing rate.  In the context such as child pornography, it is incumbent upon law enforcement to provide as much information and facts as possible about the nature and characteristics of the individual. For the older information it is helpful to know the type of computer equipment and the internet access that an individual might possess. Also, the length of time that has passed since his last hit on a website, the duration and features of a subscription, and any other "specific facts and circumstances" may, in the aggregate, justify a search. *Newsom*, 403 F.3d at 782.

Even in the absence of probable cause, a warrant could "be saved by the good faith exception." *United States v. Olson*, 408 F.3d 366, 372 (7th Cir. 2005). We review de novo the legal conclusion that a law enforcement officer reasonably relied upon a subsequently invalidated search warrant. *Wiley*, 475 F.3d at 917 (citation omitted). "An officer's decision to obtain a warrant is prima facie evidence that he or she was acting in good faith." *United States v. Koerth*, 312 F.3d 863, 868 (7th Cir. 2002). A defendant may rebut this evidence, if the issuing judge

> "wholly abandoned his judicial role" and failed to "perform his 'neutral and detached function,'" serving "merely as a rubber stamp for the police" or [ ] the affidavit submitted in support of the warrant was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."

*Olson*, 408 F.3d at 372 (quoting *United States v. Leon*, 468 U.S. 897, 914, 923 (1984)).

In his attempt to rebut Sutherland's decision to obtain a warrant as evidence of good faith, Doan contends that the magistrate judge was not neutral and detached and that Sutherland's position was unreasonable. As to the magistrate judge, Doan argues that when the magistrate judge expressed concern about the staleness of the information and directed Sutherland to handwrite that he had personally observed child pornography that was eighteen months old, the magistrate judge abandoned his neutral and detached role. Doan, however, did not challenge the magistrate judge's neutrality and detachment in either his motion to suppress or his objections to the magistrate judge's report and recommendation. Therefore, this challenge is deemed forfeited, and we review only for plain error. *See United States v. Charles*, 476 F.3d 492, 495 (7th Cir. 2007). In this case, the magistrate judge did not simply rubber-stamp Sutherland's affidavit and issue a warrant, but challenged the government to provide additional information before issuing a warrant. *See Koerth*, 312 F.3d at 868. Thus, rather than abrogating his neutral and detached role, the magistrate judge properly acted as an independent arbiter by probing possible staleness and questioning the affidavit.

Doan also states that it was unreasonable for Sutherland to rely upon information that was seventeen months old. In light of Sutherland's experience that the websites to which Doan subscribed are geared almost exclusively toward the pedophile audience, that individuals who collect images usually do not discard them, and that in his experience he had discovered child pornography that was eighteen months old, it was not unreasonable for Sutherland to believe that the facts asserted in his affidavit supported a probable cause finding. In addition,

Sutherland identified Doan's subscription to two child pornography websites. Moreover, Doan fails to provide any citations to cases that would have instructed "a reasonably well trained officer . . . that the search was illegal despite the judge's authorization." *Leon*, 468 U.S. at 922 n.23. Accordingly, even in the absence of probable cause, the good faith exception to the exclusionary rule applies, and we affirm the district court's denial of Doan's motion to suppress.

### III.

Viewing the affidavit in support of the warrant as a whole, we conclude that it fails to establish probable cause. However, the good faith exception to the warrant requirement applies because the agent reasonably relied upon the warrant. Therefore, we AFFIRM the district court's denial of Doan's motion to suppress and his subsequent conviction.