In the

# United States Court of Appeals
## For the Seventh Circuit

No. 07-1377

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ROBERT S. MCINTIRE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 06-30017-001—**Jeanne E. Scott**, *Judge.*

ARGUED OCTOBER 31, 2007—DECIDED FEBRUARY 15, 2008

Before EASTERBROOK, *Chief Judge*, and BAUER and WILLIAMS, *Circuit Judges*.

EASTERBROOK, *Chief Judge.* Police obtained a warrant to search Robert McIntire's home. They found marijuana and methamphetamine. McIntire entered a conditional plea of guilty to the ensuing federal charges, reserving the right to contend on appeal that the district court should have suppressed the evidence found during the search.

A state judge issued the warrant after receiving affidavits and testimony from an officer and an informant who appeared in person. The informant swore that she had seen marijuana in McIntire's home about three days

earlier and had purchased marijuana from him on several earlier occasions. The informant described the look and smell of the substance she had seen; the officer stated that these matched the look and smell of marijuana. The officer and the informant had driven through the neighborhood where McIntire lived; the informant picked out his house and identified his face in a photo array. The officer added that he had received information that McIntire, who had a drug conviction on his record, had entered the methamphetamine business. Relying principally on *United States v. Jones*, 208 F.3d 603 (7th Cir. 2000), the district court concluded that these facts provided probable cause for a search, and it denied the motion to suppress. 2006 U.S. Dist. LEXIS 46013 (C.D. Ill. July 6, 2006). McIntire later was sentenced to 120 months' imprisonment.

McIntire asks us to ignore both the state judge's decision to issue a warrant and the district judge's conclusion that the warrant was supported by probable cause, and to make a *de novo* (which is to say, non-deferential) decision about the warrant's validity. McIntire's entire discussion of the standard of review reads: "This Court reviews the district court's determination of probable cause *de novo*. *United States v. Sidwell*, 440 F.3d 865, 868 (7th Cir. 2006)." That is indeed what *Sidwell* says, as do several more decisions. See, e.g., *United States v. Lake*, 500 F.3d 629, 632 (7th Cir. 2007); *United States v. Brack*, 188 F.3d 748, 755 (7th Cir. 1999). But other decisions in this circuit hold that the standard of appellate review depends on whether a warrant has issued, with *de novo* review being used only when officers conducted a search without a warrant. See, e.g., *United States v. Wiley*, 475 F.3d 908, 914–15 (7th Cir. 2007); *United States v. Newsom*, 402 F.3d 780, 783 (7th Cir. 2005); *United States v. Rogers*, 270 F.3d 1076, 1081 (7th Cir. 2001). This intra-circuit conflict needs resolution.

All of the decisions we have cited rely on *Ornelas v. United States*, 517 U.S. 690 (1996), which holds that, when

police act without a warrant, the court of appeals makes an independent decision whether probable cause or reasonable suspicion supports the search. Does the same rule apply when the police execute a warrant—and thus when the question is whether the judicial officer who issued the warrant acted appropriately? To address that question one must go back to *Illinois v. Gates*, 462 U.S. 213 (1983), which in the course of reformulating the standard of probable cause remarked: "we have repeatedly said that after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of *de novo* review. A magistrate's 'determination of probable cause should be paid great deference by reviewing courts'" (462 U.S. at 236, citation omitted). Our opinion in *Ornelas* relied on this passage when holding that appellate review should be deferential whether or not the police obtained a warrant. 16 F.3d 714, 719 (7th Cir. 1994). The Justices replied (517 U.S. at 698–99):

> The Court of Appeals, in adopting its deferential standard of review here, reasoned that *de novo* review for warrantless searches would be inconsistent with the "'great deference'" paid when reviewing a decision to issue a warrant, see *Illinois v. Gates*, 462 U.S. 213 (1983). See *United States v. Spears*, 965 F. 2d 262, 269-271 (CA7 1992). We cannot agree. The Fourth Amendment demonstrates a "strong preference for searches conducted pursuant to a warrant," *Gates, supra*, at 236, and the police are more likely to use the warrant process if the scrutiny applied to a magistrate's probable-cause determination to issue a warrant is less than that for warrantless searches. Were we to eliminate this distinction, we would eliminate the incentive.

*Ornelas* thus distinguished searches conducted without a warrant, where appellate review of the justification

is non-deferential, from searches authorized by a warrant, where appellate courts must afford "great deference" to the decision of the judge who issued the warrant.

This produces a complex standard of appellate review. A district court's findings of historical fact are reviewed for clear error, whether or not a warrant issued. *Ornelas*, 517 U.S. at 699. A district judge's legal conclusions are reviewed without deference. And on the mixed question whether the facts add up to "probable cause" under the right legal standard, we give no weight to the district judge's decision—for the right inquiry is whether the judge who issued the warrant (rarely the same as the judge who ruled on the motion to suppress) acted on the basis of probable cause. On *that* issue we must afford "great deference" to the issuing judge's conclusion.

One could question this as an initial matter: why defer to the issuing judge, who acts *ex parte* and without time for reflection, but not to a district judge who has the benefit of adversarial presentations? But that's what *Gates* and *Ornelas* tell us to do. Justice Scalia, who dissented in *Ornelas*, thought that the majority's entire discussion of *de novo* review in no-warrant cases was internally contradictory, because after articulating it the majority also told appellate courts to give "due weight to inferences drawn from [the] facts by resident judges and local law enforcement officers." See 517 U.S. at 705 (referring to the majority's statements, 517 U.S. at 699, immediately following the passage in the block quotation). Who is a "resident judge," and what does "due weight" mean? That complicates our task and may account for the inconsistent treatment of the subject found in our post-*Ornelas* cases; still, the formula given here represents our best understanding of what the Court requires when dealing with a search supported by a warrant.

Many decisions of this court after *Ornelas* announce a simple "*de novo* appellate consideration" approach

without distinguishing between warrant cases and no-warrant cases. Others announce that appellate review in warrant cases is deferential but do not distinguish between our role vis-à-vis the judge presiding in the criminal prosecution (non-deferential, except with respect to findings of fact) and our role vis-à-vis the judge who issued the warrant ("great deference"). Yet others do distinguish between the district judge and the judge who issued the warrant. These decisions do not cite each other, perhaps because counsel cited only one of the lines of decisions in their briefs. We therefore think it best to start over, restoring circuit precedent to the approach required by *Gates* and *Ornelas*. This opinion has been circulated to all active judges under Circuit Rule 40(e). A majority did not favor a hearing en banc on the question whether to adhere to the standard of review articulated above.

For what it is worth, we have checked how other circuits handle this question and found ample variability. For just a few examples, compare *United States v. Grant*, 490 F.3d 627, 631–32 (8th Cir. 2007) (explicitly distinguishing between the "great deference" due to the judge who issues a warrant and the non-deferential review of the federal district judge's decision granting or denying a motion to suppress), and *United States v. Jackson*, 470 F.3d 299, 306–07 (6th Cir. 2006) (same), with *United States v. Irving*, 452 F.3d 110, 125 (2d Cir. 2006) ("[w]e review *de novo* the determination that there was probable cause to issue the warrant"), and *United States v. Hammoud*, 381 F.3d 316, 332 (4th Cir. 2004) (*de novo* review of the decision of the judge who issued the warrant). Several circuits are internally conflicted, as this circuit has been. It is unnecessary to give the full lineup. Nothing we can do will either create or eliminate a conflict, but we can and do bring this circuit's law into line with *Gates* and *Ornelas*.

The district judge in this case did not make any findings of fact but simply examined the affidavits presented to the state judge who issued the warrant. Therefore the only question we need consider is whether, with the benefit of "great deference" to the issuing judge's conclusions, those affidavits establish probable cause to believe that McIntire's house contained illegal drugs. The answer is yes. *Gates* holds that a judge asked to issue a search warrant is entitled to make a practical assessment of informants' statements; there is no inevitable requirement of corroboration or a history of accurate information from the informant in question. The state judge knew that this informant was able to recognize marijuana by sight and smell and had identified both McIntire's house and a picture of McIntire. The judge also knew that McIntire had a conviction for a drug offense and was reputed to be back in that business. A sensible judge could find that this adds up to probable cause—as both *Gates* and *Jones* hold with respect to similar factual patterns.

AFFIRMED

RIPPLE, *Circuit Judge*, dissenting.   The standard of review issue presented in this case is a very important—and nuanced—question that has been with us for a good long time. My colleagues on the panel deserve a great deal of credit for addressing the ambiguity that has crept into our case law and for attempting to resolve it. Its resolution may well be correct—or at least the best that any intermediate appellate court can do, given the tension that the panel agrees is inherent in *Ornelas v. United States*, 517 U.S. 690 (1996). *See id.* at 705 (dissenting opinion of Scalia, J.).

The disagreement among the circuits about the applicable standard of review is attributable to *Ornelas'* maintaining, at least in dicta, the distinction between review of a judicial officer's determination that there is a probable cause to issue a warrant and review of a judicial officer's *post facto* determination that law enforcement officers, acting without a warrant, had probable cause to search. Certainly, in terms of the Supreme Court's desire that appellate courts "maintain control of" and "clarify" legal principles, *id.* at 697, both scenarios would seem to be equally susceptible to the traditional law clarification function of appellate courts. If we can be expected to elucidate principles in one of these situations, we certainly ought to be able to do so in the other. The reason for different standards of reviews for each situation is not clear.

If, as the panel maintains, *Ornelas* truly intended that we review the determination of a judicial officer to issue a warrant with "great deference," while reviewing de novo a judicial officer's determination that law enforcement officers had probable cause, but with "due weight" given to the inferences drawn from the facts by resident judges and local law enforcement officers, we have our work cut out for us.

Although I can understand the court's reluctance to spend valuable judicial resources on a question that can be resolved ultimately only by the Supreme Court, I believe that this question is sufficiently important, and the need for guidance for the bench and bar sufficiently acute, that the matter is worth the court's time. Indeed, a plenary and thoughtful treatment by the entire court might be of significant assistance to the Supreme Court when it deals with this issue. Our Circuit Rule 40(e) procedure plays a salutary role in our work, but it is ill-suited for the thoughtful discussion necessary to deal comprehensively with this issue.

Standards of review count. The panel's opinion is candid about the difficulties that this issue poses. In the absence of en banc review, I can simply express, respectfully, the hope that other circuits will be more generous with their time and that, eventually, the Supreme Court will resolve the issue definitively.

A true Copy:

      Teste:

                          _____

                          *Clerk of the United States Court of Appeals for the Seventh Circuit*