**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 25, 2010
Decided May 26, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 09-2708

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 09-CR-19-001 |
| ELI JONES, JR., *Defendant-Appellant.* | J. P. Stadtmueller, *Judge.* |

**O R D E R**

An informant's tip led police to get a warrant and search the home of Eli Jones, Jr., a felon, where they found a loaded gun on his night stand. After the district court denied his motion to suppress the gun, Jones entered a conditional guilty plea to possession of a firearm, 18 U.S.C. § 922(g)(1), in which he preserved his right to challenge the suppression ruling. He was sentenced to 48 months' imprisonment, 9 months below the advisory range of 57 to 71 months. Jones filed a notice of appeal, but his appointed lawyers seek to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because they cannot identify any nonfrivolous argument to pursue. Jones did not respond to counsel's motion to withdraw,

*see* CIR. R. 51(b), so we limit our review to the potential issues identified in counsel's facially adequate brief, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

The warrant to search Jones's home was based on the affidavit of Officer Timothy Bandt. Bandt attested that a confidential informant with extensive knowledge of different types of firearms had seen Jones armed with a black, semi-automatic pistol at Jones's home within the last two weeks. Bandt also explained that the informant correctly picked Jones out of a photographic lineup and knew Jones's name, his exact address, and the location's physical layout. Moreover, according to Bandt, the informant had previously identified for the police other locations containing firearms and illegal drugs, with two of the informant's tips leading to arrests and prosecutions. The informant did not, however, explain how he knew Jones, why he was at the home, or where within the home he saw the gun.

Jones moved to suppress the gun on the ground that the affidavit did not provide probable cause. The district court denied Jones's motion, finding that there was probable cause, and that even if there were not, suppression would be unjustified because the police relied on the warrant in good faith.

At sentencing the district court assessed a base offense level of 24, *see* U.S.S.G § 2K2.1(a)(2), and deducted 3 levels for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a), (b). Jones's prior convictions gave him 6 criminal history points, and he received 2 more for possessing the gun while he was on parole, *see* U.S.S.G. § 4A1.1(d), thus producing a criminal history category of IV. That category, combined with his adjusted offense level, yielded a guidelines range of 57 to 71 months. In selecting a sentence 9 months below the bottom of that range, the district court credited Jones's contention that he had confiscated the gun from his daughter's boyfriend to keep the boyfriend out of trouble. Still, the court explained, the offense was serious because Jones knew he should have gone to the police instead of taking matters into his own hands and keeping the gun, and because the loaded gun endangered the children in his home.

Counsel first consider contesting whether probable cause supports the warrant. The warrant's validity rests solely on the affidavit's strength in supplying a reasonable basis for believing that a search will uncover evidence of a crime. *See United States v. Peck*, 317 F.3d 754, 755 (7th Cir. 2003); *United States v. Roth*, 391 F.2d 507, 509 (7th Cir. 1967). In assessing that affidavit, we would consider the totality of circumstances, including the level of detail provided by the informant and whether those details are based on personal observations, the time interval between the observations and the warrant application, the informant's personal appearance before the warrant-issuing judge, and any corroboration of the informant's tip. *United States v. Hollingsworth*, 495 F.3d 795, 804 (7th Cir. 2007); *United States*

*v. Koerth*, 312 F.3d 862, 866 (7th Cir. 2002). No factor is determinative, and an insufficiency in one could be compensated for by some other indicator of reliability. *United States v. Dismuke*, 593 F.3d 582, 587 (7th Cir. 2010); *United States v. Brack*, 188 F.3d 748, 756 (7th Cir. 1999). In performing this inquiry, we would afford "great deference" to the issuing magistrate's conclusion. *Dismuke*, 593 F.3d at 586 (*citing United States v. McIntire*, 516 F.3d 576, 578 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 73 (2008)).

Here, with deference to the issuing magistrate and for the same reasons that we gave in *Dismuke*, the affidavit contains enough details to support probable cause. As in *Dismuke*, the affidavit explains that the informant personally saw the defendant armed in his home shortly before the warrant application, that he knew Jones's exact address and what he looked like, and that the informant knew how to distinguish among firearm types. The affidavit's infirmities—a lack of detail about the precise location of a gun inside the home or the relationship between informant and suspect, together with the informant's failure to appear before the magistrate—are the same as those that infected the warrant we upheld in *Dismuke*. *See* 593 F.3d at 587-88. But the indicia of reliability here are stronger than for the warrant we upheld in *Dismuke* because the informant in this case also had previously given useful tips to police. *See United States v. Garcia*, 528 F.3d 481, 486 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 422 (2008). Thus, we agree with counsel that it would be frivolous to contest the existence of probable cause.

Counsel also consider challenging the district court's alternative ruling that, even if the affidavit were deficient, the officers' good-faith reliance on the warrant should keep the gun from being excluded. *See United States v. Leon*, 468 U.S. 897 (1984); *United States v. Otero*, 495 F.3d 393, 398 (7th Cir. 2007). Such a challenge would matter only if we concluded that probable cause was lacking. In any event, the affidavit was not so devoid of cause to search that no reasonable officer would rely on it, so Jones could not rebut the presumption of good faith created by the officers' decision to seek a warrant. *See Dismuke*, 593 F.3d at 588 ("[U]nder the good-faith exception, the suppression of the fruits of the search would not be appropriate in a close case" similar to Jones's); *United States v. Curry*, 538 F.3d 718, 730 (7th Cir. 2008); *United States v. Stevens*, 380 F.3d 1021, 1025 (7th Cir. 2004).

Next, counsel observe that Jones does not wish to withdraw his conditional guilty plea. Thus counsel rightly omit any discussion of the plea's validity. *See United States v. Knox*, 287 F.3d 667 (7th Cir. 2002).

Finally, counsel question whether Jones could argue that his sentence was procedurally flawed or otherwise unreasonable. But, as counsel recognize, the district court calculated the range correctly, considered the sentencing factors listed in 18 U.S.C.

§ 3553(a), and adequately explained its reasons for imposing a sentence 9 months below the bottom of the advisory range. *See Gall v. United States*, 552 U.S. 38 (2007); *United States v. Turner*, 569 F.3d 637, 640 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 654 (2009). We would presume that a sentence below the correctly calculated guidelines range is not unreasonably high, *United States v. Jackson*, 598 F.3d 340, 345 (7th Cir. 2010) (collecting cases), and neither counsel nor we have found a basis to set aside that presumption here.

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** Jones's appeal.