**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 23, 2010
Decided November 24, 2010

**Before**

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-1195

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 2:08-cr-00263-LA-1 |
| | |
| REGINALD L. BLOUNT, | Lynn Adelman, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Acting on a tip from a confidential informant, police obtained a warrant to search Reginald Blount's home and found a pistol and over 750 grams of marijuana. The drugs were divided among at least 10 plastic bags. The district court denied Blount's motion to suppress this evidence. He then pled guilty to possession of a firearm by a felon, see 18 U.S.C. § 922(g)(1), and possession of marijuana with intent to distribute, see 21 U.S.C. § 841(a)(1), but preserved for appeal his challenge to the ruling on the motion to suppress. The district court sentenced him below the guidelines range to a total of 72 months' imprisonment. Blount filed a notice of appeal, but his appointed lawyer seeks to withdraw because he cannot identify a nonfrivolous issue to pursue. *Anders v. California*, 386 U.S. 738, 744 (1967). Blount opposes counsel's motion. See Cir. R. 51(b). We confine our review to the potential issues identified in

counsel's facially adequate brief and in Blount's response.  See *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel represents that Blount does not want his guilty pleas set aside unless we overturn the denial of his motion to suppress.  Blount has not contradicted this statement in his Rule 51(b) response. Counsel thus correctly omitted from his *Anders* submission any discussion of the adequacy of the plea colloquy and the voluntariness of the guilty pleas. See *United States v. Knox,* 287 F.3d 667, 671-72 (7th Cir. 2002).

Both counsel and Blount first consider whether Blount could challenge the denial of his motion to suppress.  They propose arguing that the informant's statements were uncorroborated and lacking detail and thus the warrant was issued without probable cause. Blount also maintains that because the informant saw only two of the bags of marijuana, the state judge could not reasonably have inferred that he was trafficking the drug rather than using it himself.

Probable cause exists when the totality of circumstances set forth in the supporting affidavit would persuade a reasonably prudent person that a search will uncover contraband or evidence of a crime. *Illinois v. Gates*, 462 U.S. 213, 238 (1983)*; United States v. Carson*, 582 F.3d 827, 831 (7th Cir. 2009).  Where, as here, the affidavit is supported by information from an informant, we focus on the informant's reliability, veracity, and basis of knowledge. *United States v. Dismuke*, 593 F.3d 582, 586-87 (7th Cir. 2010), *petition for cert. filed*, 79 U.S.L.W. 3062 (U.S. July 19, 2010) (No. 10-109).  We consider whether the police corroborated the information, whether the informant learned the information through firsthand experience and provided detailed facts, whether a short period of time passed between the informant's observations and the warrant application, and whether the informant appeared before the issuing judge. *Carson*, 582 F.3d at 832; *United States v. Koerth*, 312 F.3d 862, 866 (7th Cir. 2002).

Although the police did not corroborate the informant's statements and the affidavit includes little detail, we would not disturb the issuing judge's finding of probable cause, which we owe great deference.  See *United States v. McIntire*, 516 F.3d 576, 577 (7th Cir. 2008).  The police officer's affidavit provided specific examples of past instances when the informant's information had led to the arrest of other persons; the informant had acquired the information from firsthand observation; and only 48 hours had passed between the informant's presence in Blount's house and the application for the warrant.  See *Dismuke*, 593 F.3d at 587-88 (upholding warrant where supporting affidavit lacked detail and had little corroboration for informant's statements but was submitted shortly after affiant received information based on informant's personal observations); *United States v. Garcia*, 528 F.3d 481, 486 (7th Cir. 2008) (upholding warrant where supporting affidavit lacked detail and corroboration for informant's statements but was submitted shortly after affiant received information based on credible

informant's personal observations).  Thus, we agree with counsel that it would be frivolous to challenge the warrant as lacking probable cause.

Without supporting authority, Blount in his Rule 51(b) response also proposes to argue that "simple misdemeanor possession of two baggies of marijuana" is not evidence of drug trafficking and therefore could not have supplied probable cause for a search warrant.  But we uphold a finding of probable cause so long as the issuing judge had a substantial basis for concluding that a search would uncover evidence of wrongdoing.  *Junkert v. Massey*, 610 F.3d 364, 367 (7th Cir. 2010).   The affidavit provided information regarding Blount's wrongdoing—his possession of marijuana.  Even simple possession of marijuana is a crime in Wisconsin.  Wis. Stat. § 961.41(3g)(e).  That is enough to have established probable cause to support issuing the search warrant.  *United States v. Colonna*, 360 F.3d 1169, 1175 (10th Cir. 2004); see also *United States v. Perdoma*, 621 F.3d 745, 749 (8th Cir. 2010) (finding probable cause to arrest when officer traced odor of marijuana to defendant); *United States v. Humphries*, 372 F.3d 653, 659 (4th Cir. 2004) (same).

Last, counsel considered challenging Blount's prison sentence but did not identify any potential issue apart from a claim that the term is unreasonable.  A reasonableness argument would be frivolous, however, because Blount's 72-month sentence is 38 months below the bottom of the guidelines range, and counsel cannot articulate any basis to challenge the presumption of reasonableness that applies. See *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010); *United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS Blount's appeal.