**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Argued August 8, 2018
Decided August 9, 2018

Before

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

| | |
|---|---|
| No. 17-2016 <br><br> HANG CUI and RUIYING FEI, <br>     *Plaintiffs-Appellants,* <br><br> *v.* <br><br> CITY OF ELMHURST, ILLINOIS, *et al.*, <br>     *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 14 C 8330 <br> Marvin E. Aspen, *Judge.* |

**Order**

Hang Cui was arrested (on the authority of a warrant issued by a state judge) after he wrote a check to Lynn Kubycheck for $1,853. The bank did not pay the check, telling Kubycheck that the account did not have the funds to support it. Cui told police that Kubycheck would not be paid until she did some things Cui wanted. Cui sued under 42 U.S.C. §1983 plus Illinois law. The district court entered judgment for the defendants with respect to the federal claims while relinquishing supplemental jurisdiction with respect to state claims. 2017 U.S. Dist. LEXIS 23654 (N.D. Ill. Feb. 21, 2017); 2017 U.S. Dist. LEXIS 55679 (N.D. Ill. Apr. 12, 2017).

Cui assumes that he can litigate from scratch the question whether the arrest was supported by probable cause. That is not so. The decision of an issuing judge receives "great deference". See *Illinois v. Gates*, 462 U.S. 213, 236 (1983); *United States v. McIntire*, 516 F.3d 576, 577–79 (7th Cir. 2008). As it is undisputed that the check was written knowing that it was not backed by sufficient funds, the issuing judge was entitled to infer an intent to defraud. 720 ILCS 5/17-1(B)(1). Section 1983 does not permit an award of damages against officers who execute a valid warrant.

Cui asks us to disregard the warrant on the ground that the police must have deceived the state judge who issued it. Asked at oral argument what evidence supports that assertion, plaintiffs' counsel conceded that she has none—that she has not even seen the affidavit or other evidence submitted to the state judge who issued the warrant. Someone who wants to contest the adequacy of the representations underlying a warrant must provide enough evidence to justify a hearing. See *Franks v. Delaware*, 438 U.S. 154 (1978). Cui supplied no evidence at all.

AFFIRMED